IN THER UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIE MAE ARMSTRONG, | : CIVIL ACTION |
| Plaintiff, | : No. 2:24-cv-1774 |
| v. | : |
| ORPHANS OF THE STORM, a non-profit Organization, CHRIS JIRAK O'DONNELL, an individual, and SUSAN CLARK, | : |
| Defendant. | : |

## COMPLAINT IN A CIVIL ACTION

NOW COMES the Plaintiff, Jennie Mae Armstrong, by her attorney, Joseph E. Hudak, and files this Complaint in a Civil Action, and in support thereof respectfully submits as follows:

### Jurisdiction and Venue

1. This is an action for redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983, and for related state law claims.

2. This action is brought against the Defendants for violating the Plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3) and § 1367(a).

4. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

### Parties

5. The Plaintiff, Jennie Mae Armstrong, is an adult individual residing in Armstrong County, Pennsylvania.

1

6. The Defendant, Orphans of the Storm, is a Pennsylvanian nonprofit corporation with active status, headquartered in Armstrong County, Pennsylvania. At all times relevant hereto, the Defendant was acting through its agents, subsidiaries, officers, employees, and assigns acting within the full scope of their agency, office, employment, or assignment, and according to the Defendant's established policies and procedures.

7. The Defendant, Chris Jirak O'Donnell, is now, and was at all times relevant to the Plaintiff's claims, a duly appointed and acting humane police officer of Defendant Orphans of the Storm, purporting to act within the full scope of her authority and office, and under color of state law, and pursuant to the statutes, ordinances, regulations, and customs and usages of the Commonwealth of Pennsylvania. At all times relevant to this action, Defendant O'Donnell was authorized to conduct police activities related to Defendant Orphans of the Storm's mission pursuant to 22 Pa.C.S. § 3701, *et. seq.*

8. The Defendant, Susan Clark, is now, and was at all times relevant to the Plaintiff's claims, a duly appointed and acting humane police officer of Defendant Orphans of the Storm, purporting to act within the full scope of her authority and office, and under color of state law, and pursuant to the statutes, ordinances, regulations, and customs and usages of the Commonwealth of Pennsylvania. At all times relevant to this action, Defendant Clark was authorized to conduct police activities related to Defendant Orphans of the Storm's mission pursuant to 22 Pa.C.S. § 3701, *et. seq.*

## Factual Allegations

9. The Plaintiff, Jennie Mae Armstrong, has spent her entire life breeding animals, and is the seventh generation of her family to do so on various farms in Armstrong County. Indeed, the Plaintiff is a world-class horse breeder and rider. The Plaintiff is also a canine "master handler" for obedience and agility and at all applicable times has held a kennel license issued by the

Commonwealth of Pennsylvania. The Plaintiff has made her living breeding animals since 2006. The Plaintiff expends approximately $20,000.00 per year in veterinary care alone. Each and every animal kept by the Plaintiff is, and at all times has been, kept and maintained under proper, lawful and humane conditions.

10. In approximately 2021, Defendant Orphans of the Storm sponsored the appointment of Defendant Chris Jirak O'Donnell as a humane society police officer covering Armstrong County.

11. On December 5, 2023, Defendant Orphans of the Storm sponsored the appointment of Defendant Susan Clark as an additional humane society police officer covering Armstrong County.

12. In the fall of 2022, in the course of her police work, Defendant O'Donnell entered the Plaintiff's property without the Plaintiff's permission because she claimed to have received a complaint that a horse was lying in a field. Although this alleged complaint was in fact completely unfounded, it apparently triggered Defendant O'Donnell to become obsessed with the Plaintiff Jennie Mae Armstrong to a point at which Defendant O'Donnell has not only violated the Plaintiff's constitutional rights but sought to destroy every aspect of her life. Moreover, Defendant O'Donnell is acting according to the Defendant Orphans of the Storms's established policies and procedures.

13. In 2024, Defendant O'Donnell, now joined by Defendant Clark, brought two criminal cases against the Plaintiff, one consisting of 236 counts, the other 50 counts. The Plaintiff has retained an expert with equal or greater qualifications than the Defendants who will explain that each and every one of these charges is baseless and the product of the Defendants' false statements and, in some cases overzealous ideology, in other cases conversion or theft of the Plaintiff's animals.

14. Although jail was not called for in the course of these criminal cases, before the Plaintiff was arraigned Defendant O'Donnell and Defendant Clark jailed the Plaintiff in the Armstrong County Jail, where she was sexually assaulted.

15. Over the course of the last two years, Defendant O'Donnell, later regularly joined by Defendant Clark, have systematically harassed the Plaintiff.

16. Defendant O'Donnell and Defendant Clark regularly enter the Plaintiff's property without the Plaintiff's permission, and conduct searches and seizures without warrants. Indeed, Defendant O'Donnell has both stated to the Plaintiff and testified in court that she does not need a warrant.

17. On occasions on which Defendant O'Donnell has deigned to obtain a warrant, she provided false or exaggerated statements in her application for the warrant.

18. Defendant O'Donnell and Defendant Clark, in their police authority, have seized numerous animals owned by the Plaintiff, then, without forfeiture proceedings or due process of law, transferred ownership of these animals to Orphans of the Storm. Then in turn, Orphans of the Storm has sold these animals or gifted these animals to solicit donations. Further, on one or more occasions, the Defendant O'Donnell and Defendant Clark have seized animals from the Plaintiff under the pretense that euthanization was necessary, then Orphans of the Storm sold or gifted the animals.

19. Defendant O'Donnell and Defendant Clark, in their police authority, have intimidated the landlord of the Plaintiff's farmland to terminate the Plaintiff's lease.

20. Defendant O'Donnell and Defendant Clark, in their police authority, have intimidated other farmland owners not to lease property to the Plaintiff.

21. Defendant O'Donnell and Defendant Clark, in their police authority, have intimidated the Plaintiff's veterinarian not to service and treat the Plaintiff's animals.

22. Defendant O'Donnell and Defendant Clark, in their police authority, have aligned themselves with a third party and are currently attempting to banish the Plaintiff from the Fort Armstrong Horsemen's Association where the Plaintiff uses local stables and riding tracks. The Defendants and the third party have already blocked the Plaintiff from using the association's website, which is critical to the Plaintiff's business for many reasons including the advertising of events, auctions, and a marketplace for the sale of animals.

23. Defendant O'Donnell and Defendant Clark, in their police authority, have drawn false, negative publicity to the Plaintiff.

### Count 1
### Violations of the Plaintiff's Federal Constitutional Rights

24. The above paragraphs 1 – 23, inclusive, are incorporated herein by reference.

25. Under color of state law, the Defendants violated the Plaintiff's rights under U.S. Const. amend. IV, V, VI, and XIV.

WHEREFORE, the Plaintiff requests judgment against the Defendants for compensatory and punitive damages and attorney's fees and costs of suit.

### Count 2
### Malicious Prosecution and False Arrest

26. The above paragraphs 1 – 23, inclusive, are incorporated herein by reference.

27. As specifically described in the above paragraphs 13 and 14, Defendant O'Donnell and Defendant Clark, acting as agents of and in accordance with the policies and procedures of Defendant Orphans of the Storm, detained the Plaintiff in the Armstrong County Jail, where the Plaintiff was sexually assaulted, and did so unlawfully so as to result in actual legal damage to the Plaintiff under Pennsylvania law.

28. The Plaintiff has retained an expert with equal or greater qualifications than the Defendants who will explain that the detention of the Plaintiff was baseless and the product of

the Defendants' false statements and, in some cases overzealous ideology, in other cases conversion or theft of the Plaintiff's animals, and was without probable cause.

WHEREFORE, the Plaintiff requests judgment against the Defendant for compensatory and punitive damages and attorney's fees and costs of suit.

## Count 3
## Conversion

29. The above paragraphs 1 – 23, inclusive, are incorporated herein by reference.

30. As specifically described in the above paragraph 18, Defendant O'Donnell and Defendant Clark, then in turn Defendant Orphans of the Storm, intentionally exercised dominion and control over the Plaintiff's animals and interfered so seriously with the Plaintiff's property rights as to require under Pennsylvania law that the Defendants pay the Plaintiff the full value of the animals.

WHEREFORE, the Plaintiff requests judgment against the Defendant for compensatory and punitive damages and attorney's fees and costs of suit.

## Count 4
## Intnetional Interference With Business Relations

31. The above paragraphs 1 – 23, inclusive, are incorporated herein by reference.

32. As specifically described in the above paragraphs 19 – 23, inclusive, there existed contractual or prospective contractual relations between the Plaintiff and third parties, and Defendant O'Donnell and Defendant Clark, acting as agents of and in accordance with the policies and procedures of Defendant Orphans of the Storm, engaged in purposeful actions, specifically intended to harm these existing relations or to prevent prospective relations from occurring.

33. The Defendants engaged in these wrongful actions in the absence of privilege or justification.

34. The Defendants' actions resulted in actual legal damage to the Plaintiff under Pennsylvania law.

WHEREFORE, the Plaintiff requests judgment against the Defendant for compensatory and punitive damages and attorney's fees and costs of suit.

/s/ Joseph E. Hudak
Joseph E. Hudak
Pa.I.D. # 45882
P.O. Box 11242
Pittsburgh, PA 15238
Telephone: (412) 867-8119

JURY TRIAL DEMANDED